[No. 4874.]

Evans v. Swan et al.

**Water and Water Rights—Decrees—Priorities—Modification—
Different Owners in Ditch—Statutory Construction.**

The Colorado irrigation statutes of 1879 and 1881 do not contemplate a determination, as between themselves, of the rights of the different owners of a ditch to any particular quantity of water, but the object of these statutory proceedings is to determine the relative priorities of the different ditches in a water district; and, therefore, parties cannot obtain a modification of a decree entered in such proceedings, the effect of which would be to adjudge them to be the owners of a certain amount of the aggregate quantity of water awarded to the ditches themselves, as against other claimants of the same priority. Such rights must be determined in an appropriate action brought for that purpose.—P. 93.

*Appeal from the District Court of Garfield County.
Hon. John T. Shumate, Judge.*

Action by Ella M. Swan, Margaret S. Ferguson, Celia Lindsey and Jerome B. Wheeler against Horace Y. Evans, Jr. From a decree for plaintiffs, defendant appeals.                    *Reversed.*

Mr. Edward T. Taylor and Mr. Charles W. Taylor, for appellant.

Mr. H. Riddell, for appellees.

Mr. Justice Campbell delivered the opinion of the court:

This action was brought in the district court of Garfield county in 1903 by the plaintiffs, who are the appellees here. Plaintiffs' object was to have made definite and certain the decree of the same court entered in 1889, in proceedings instituted under the irrigation statutes of 1879 and 1881, for the establishment of the priorities of the right to the use of water for irrigation in water district No. 39, so that such

decree might definitely show their rights, which the plaintiffs claimed the decree awarded them, to take and use the water of Oasis creek for the irrigation of their agricultural lands through the Oasis and Gilmore ditches as against the rights of the defendant, Evans, who claims to own the same priorities upon the same stream under the Oasis ditch. From a decree in the district court granting the relief prayed for, the defendant is here by appeal.

In their pleading, plaintiffs allege that the general decree, sought to be here corrected, determined that plaintiffs were the owners of a part of the priority awarded to the Oasis ditch, but, owing to its ambiguous language, the exact amount given them is a matter of dispute between the water commissioner and the different owners of the ditch. It is by virtue of the rights secured by this decree that the plaintiffs seek relief by this action. They do not claim that the action is one to quiet title, because they say their title has already been established. They merely ask to have the rights which the former decree gave, made definite and specific.

Clearly, plaintiffs and the court below misconceived the law, as well as the remedy. Not only do our irrigation statutes not contemplate a determination, as between themselves, of the rights of the different owners of a ditch to any particular quantity of water, but the decree entered in this case did not purport to, as, indeed, it could not, establish any such rights. Our court has expressly decided that, so far as the questions now under consideration are concerned, the object of these statutory proceedings is to determine the relative priorities of the different ditches in the water district, and that the rights of the owners of a ditch, as between themselves, cannot be determined therein.—*Oppenlander v. Left Hand Ditch Co.*, 18 Colo. 142. To the same purport is *Put-*

*nam v. Curtis,* 7 Colo. App. 437; Long on Irrigation, section 99.

So that, even had the decree of 1889 expressly adjudicated to the plaintiffs the right, as against their co-owners, to the use of a certain quantity of water from either of the ditches in controversy, it would have been void as not within the issues. Looking to the decree, however, we find that no such adjudication was made to the plaintiffs as they claim. After the referee, to whom the entire matter had been referred, filed his report, objections thereto were made by the plaintiffs and their grantors with respect to these two ditches; and to the two subdivisions of the general decree, as reported by the referee, applicable to these two ditches, the court added two separate clauses: One, that these plaintiffs claim a right to use a certain quantity of water from the Oasis ditch; the other being in form a proviso to the subdivision relating to the Gilmore ditch, that, if the plaintiffs were permitted to use from the Oasis ditch the water they claimed, it should be deducted from the amount awarded to them to be carried in the Gilmore ditch. But in no part of the decree did the court adjudicate to any owner under any ditch any particular quantity of water. It merely awarded to the ditches themselves the priorities to which they were entitled, to be enjoyed by the parties lawfully entitled thereto.

It is too plain for argument that the plaintiffs are not entitled to a modification, or correction of, or addition to the original decree to the detriment of other appropriators in the same water district whose rights are thereby established, as the time therefor given by the statute long ago expired. Indeed, they do not claim that either of these ditches is entitled to any more water than the quantity which the original decree allots to it. They merely seek, as against

the defendant, to have a decree in this action, the effect of which would be to adjudge them to be the owners of a certain amount of the aggregate quantity of water awarded to the ditches themselves, as against other claimants of the same priority.

As the original decree, which they seek to have made certain, does not, as against other claimants of the same appropriation, determine what their rights are, plaintiffs may not, under the guise of correcting such decree, quiet their title. If the plaintiffs have any right or claim to the priorities awarded to these ditches, as against other claimants therein, they cannot have such rights determined in a proceeding avowedly brought for the purpose of making the original decree definite as to rights with which it had no concern, and concerning which it was powerless to, and did not, speak. The rights, if any, which plaintiffs here assert, must be determined in an appropriate action brought for that purpose, and not in a proceeding to amend or modify a former decree that in no way affected their separate and individual interests in priorities expressly decreed to the ditches as such.

The judgment will be reversed, and the cause remanded, with instructions to dismiss the action without prejudice.                     *Reversed.*

Chief Justice Gabbert and Mr. Justice Steele concur.