[No. 5635.]

## WOODS v. SARGENT ET AL.

1. **Water Rights—Adjudication—Individual Rights—Evidence.**

Although in adjudicating water rights in a water district a court cannot determine the amount of the appropriation of each individual, and can only fix the amount to which the respective ditches are entitled, evidence taken before a referee and relating to a particular ditch is admissible in an action to determine the respective rights of the owners of that ditch, since the appropriation to the ditch in the first proceeding is presumably based upon the amount of water which they respectively used when the decree was rendered.—P. 271.

2. **Water Rights—What Constitutes "Appropriation of Water"— Words and Phrases.**

In order to constitute an "appropriation of water," there must not only be a diversion from the stream and a carrying of it to the place of use, but it must be beneficially applied; and the measure of appropriation does not depend alone upon the amount diverted and carried, but the amount which is applied to a beneficial use must also be considered.—P. 271.

3. **Evidence—Presumptions—Performance of Official Duty.**

It being the duty of a referee in a proceeding to adjudicate water rights in a district to take in writing the testimony introduced before him and to file it with the clerk of the district court, and it being the clerk's duty to preserve the files intact,

on the introduction of such files in evidence in an action to determine the respective rights of the owners of a ditch, it will be presumed, in the absence of a showing to the contrary, that the files contain the entire record.—P. 273.

4.   **Water Rights—Evidence.**

The defendant, in an action to determine the rights of the owners of an irrigation ditch, was not a party to a prior proceeding wherein the ditch was awarded an appropriation in an adjudication of rights in the district. Held, that such fact does not affect the admissibility of testimony taken before the referee in the prior proceeding, where defendant's grantor was one of the parties to that proceeding.—P. 273.

*Appeal from the District Court of Delta County.*
*Hon. Theron Stevens, Judge.*

Action by Elsie Sargent, H. E. Garren, and L. M. Stevens against Thomas Woods. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

Mr. R. M. LOGAN, for appellant.

Mr. MILTON R. WELCH, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Plaintiffs and defendant were owners of the Bolles and Manney ditch, taking water from the Uncompahgre river. During the year 1890 there was an adjudication of water rights in Water District No. 41, being the district in which the Uncompahgre river is located. Plaintiffs and the grantor of defendant filed their statement of claim for a priority in such proceeding, and a decree was rendered awarding the Bolles and Manney ditch an appropriation of water amounting to $123\frac{1}{2}$ statutory inches. This present action is brought to determine the respective rights of each of the water consumers taking water from this ditch.

It was contended by the plaintiffs that the interest of each consumer was measured by the amount

of land which he irrigated at the time of and previous to the rendition of the decree. Defendant denied this, and contended that each of the five owners was entitled to a one-fifth part of the appropriation, irrespective of the amount of land which he irrigated. It appears that there was no difficulty concerning the division of the water until shortly before the bringing of this action, at which time the defendant had brought under cultivation twenty acres of land in addition to that which had theretofore been irrigated upon his premises, and sought to irrigate it with water obtained from this ditch, and by so doing he diminished the quantity which plaintiffs had theretofore been able to obtain. The court found the issues for the plaintiffs, and determined that the respective parties were the owners of the following amounts of water as appropriated by the ditch, namely: Sargent, 43 inches; Garren, 33.5 inches; the heirs of Stevens, now deceased, 24 inches; Woods, 11.5 inches; and, Thompson, 11.5 inches. The court also found that at the time of the rendition of the decree the parties had irrigated lands as follows: Sargent, 45 acres; Stevens, 25 acres; Garren, 35 acres; Woods, 12 acres; and Thompson, 12 acres, and concluded that the water should be divided in the same proportion.

The plaintiffs, to maintain the issues on their part, offered in evidence "all of the papers, evidence and exhibits relating to the Bolles and Manney ditch that are now on file in this court in the matter of the petition of John H. Garren *et al.,* in the adjudication of water rights in Water District No. 41, state of Colorado." This was objected to because of its being immaterial and incompetent; that there was nothing to show that it was all of the testimony taken in the proceeding before the referee; that there was nothing to show that the decree was based upon this

testimony; and, that it was not a proceeding in which defendant Thompson or defendant Woods was a party. This objection was overruled, and the first assignment of error raises the question as to the propriety of this ruling of the court.

The original decree awarding the priority, of course, does not determine the rights of the several owners of the ditch to the water as between themselves. It does not, and could not, determine the amount of the appropriation of each individual. The only authority which the court had in the premises was to render a decree fixing the amount of the appropriation to which the ditch was entitled, and the date of its priority.—*Evans v. Swan*, 38 Colo. 92; *Putnam v. Curtis,* 7 Colo. App. 437; *Oppenlander v. Left Hand D. Co.,* 18 Colo. 142.

In order to constitute an appropriation of water, there must not only be a diversion of the water from the stream and a carrying of it to the place of use, but it must be beneficially applied, and the measure of the appropriation does not depend alone upon the amount diverted and carried, but the amount which is applied to a beneficial use must also be considered. For instance, in the case of *New Mercer Ditch Company v. Armstrong,* 21 Colo. 307, it was determined by the decree that the ditch had a carrying capacity of about 33 cubic feet of water per second of time. It was constructed to irrigate 120 acres of land, and it was determined that the appropriator was entitled to only so much water as he could beneficially apply upon that land. In this case the proof taken before the referee shows that the ditch had a carrying capacity of something like fourteen cubic feet of water per second of time, but the proof shows that there was only about 130 acres of land irrigated from the ditch. The court did not render the decree for the amount of the carrying capacity of the

ditch as shown by the proof, but rendered it for 123½ statutory inches, presumably the amount of water which it considered was sufficient to irrigate that amount of land. This is somewhat less than one statutory inch per acre. The amount of the appropriation being based upon the amount of water which the consumers applied to a beneficial use, it follows, as a matter of course, that he who irrigated forty acres of land had appropriated twice as much as he who irrigated but twenty. The appropriation being made upon the basis of the entire number of acres irrigated from the ditch allowing less than one statutory inch to the acre, if it should be determined that each of the claimants was entitled to one-fifth of the entire appropriation, the result would be that he who irrigated forty-five acres would not have sufficient to irrigate his land and that he who irrigated but twelve acres would have more than enough. So that the rights of the parties must be determined, not according to their ownership of the ditch, but according to the amount of water which they respectively used at the time of the rendition of the decree, and no more satisfactory way to prove that amount can be arrived at than by the testimony taken before the referee in the adjudication proceedings. It will not be presumed that any of the claimants would testify that they had applied to a beneficial use a less amount of water than they actually did, or that they irrigated a less number of acres than they actually did, at the time the decree was being sought.

The evidence of witnesses who testified at that time, while the matter was fresh in their minds, would be more apt to be correct than those who, at the time of the trial, testified as to conditions existing fourteen years before. That this testimony was pertinent, see 1st Greenleaf on Evidence, sections 551 and 553.

Defendant contends that there was nothing to show that the files contained all the testimony that was introduced before the referee. It is made the duty of the referee to take the testimony in writing and to file it with the clerk of the district court, and it is made the duty of the clerk to preserve the files intact and, unless there is something in the record by which it affirmatively appears that some of the files or some of the depositions were missing, we will presume that these officers did their duty and that the files contained the entire record.·

It is also contended that the defendant was not a party to the original action and consequently is not bound by the testimony introduced in that proceeding. Defendant's grantor was a party to the proceeding, was one of the petitioners for the adjudication; the grantor's rights in this water were measured by the adjudication proceedings and the defendant could procure from his grantor no greater rights than the grantor himself possessed. We think the court did not err in the overruling of the objection to this testimony.

The other assignments of error all go to the assertion that the findings and judgment of the court are not supported by the evidence. While the oral testimony introduced at the trial was somewhat conflicting as to the number of acres which the plaintiffs and defendant irrigated at the time of the rendition of the decree, there was no conflict in the testimony taken by the referee in the original proceedings and the whole testimony is amply sufficient to sustain the findings and judgment of the district court.

There being no other errors assigned, the judgment will be affirmed.　　　　　*Affirmed.*

Chief Justice Steele and Mr. Justice Goddard concur.