## No. 8786.

### FORD v. TOWN OF MEEKER.

1. PUBLIC WORK—*Payment to Contractor For.*  A town having agreed with the contractor for certain public works, after the completion of the works, as to the amount due him, and the time and conditions of payment, it was held a waiver of the provisions of Rev. Stat. sec. 5407.

2. STATUTE—*Waiver of.*  Sec. 5407 of the Revised Statutes provides that before any payment shall be made to a contractor for public works the contractor shall present to the trustees of the town a statement in writing showing the amounts owing by him for labor, etc.  The town having, after the completion of the works entered into a contract with the contractor as to the balance due him, and the time and conditions of payment, an action was brought by the contractor, under this contract.  *Held* the contract waived the provisions of the statute.

3. NON-SUIT—*Grounds of.*  A non-suit is not to be granted for the omission of plaintiff to establish the converse of an affirmative defense pleaded by defendant.

4. ——*Motion for—Effect.*  Defendant's motion for a non-suit admits the truth of the evidence produced on the part of the plaintiff, and every legitimate inference therefrom, interpretated most strongly against defendant.

*Error to Rio Blanco District Court, Hon. John T. Shumate, Judge.*

Mr. BERNARD J. FORD, Mr. T. E. McINTYRE, for plaintiff in error.

Mr. JOHN R. CLARK, Mr. E. B. FOWLER, Messrs. DOUD & FOWLER, for defendant in error.

Opinion by Mr. Justice Allen:

The plaintiff in error, P. P. Ford, built a system of water works for the defendant in error, the town of Meeker, under a contract entered into on January 2, 1906. Prior to July 17, 1907, the town made payments to the contractor, the plaintiff in error, on account, and under the construction contract. On the date last mentioned a settlement and agreement as to the balance due from the town of Meeker to the plaintiff in error was had between the parties, and an account was then stated between them. This statement, account stated, and agreement was in writing, and is as follows:

"It is hereby agreed by and between the Board of Trustees of the Town of Meeker, party of the first part, and P. P. Ford, contractor of the water works system, party of the second part:

First. That the water works system constructed by said second party for said town under contract dated January 2. 1906, is accepted by said town, except as to the hydrants and gate at intake, which said contractor agrees to complete under said contract within one month from the date of this agreement.

Second. That there is due said contractor from said town under original contract the sum of twelve thousand one hundred seventy-two and 98/100 dollars ($12,172.98).

Third. That there is due said contractor from said town for extras over and above said contract price the sum of one thousand nine hundred and forty-nine and 18/100 dollars ($1,949.18), making a total due said contractor from said town of fourteen thousand one hundred and twenty-two and 16/100 dollars ($14,122.16).

Fourth. That of said total amount ten per cent of forty-five thousand dollars, or four thousand five hundred dollars ($4,500.00), is to be retained by said town for one month for replacements and repairs.

Fifth. That there shall also be retained intact by said

town the sum of four thousand seven hundred thirty-one and 88/100 dollars ($4,731.88), claimed as due from said contractor to the Washington Pipe & Foundry Company of Tacoma, Washington, until satisfactory adjustment of said claim is made between said contractor and said company.

Sixth.  That the said contractor be now paid by said town the sum of four thousand eight hundred ninety and 28/100 dollars ($4,890.28).

Seventh.  That the said ten per cent above retained be paid to said contractor one month from date, less such sums as may have been expended for necessary replacements and repairs, and such claims as may be filed against said contractor.

In witness whereof, said parties have hereunto set their hands and seals, this 17th day of July, A. D. 1907, the said town signing by its mayor, he being thereunto duly authorized by resolution of Board of Trustees of said town of even date herewith.

The Town of Meeker,

(Seal)                    By Lee Peterson, Mayor.
Attest:                   P. P. Ford.
　　T. B. Scott, Town Clerk."

At the time of the making of this contract of July 17, 1907, the town paid Ford the sum of $4,890.28, as agreed in paragraph Sixth of the contract, and on September 5, 1907, the town paid the contractor the further sum of $3,000.

This action is brought on the contract of July 17, 1907, by the contractor, the plaintiff in error, plaintiff below, to recover the sum of $6,231.88, alleged to be due under the contract last mentioned including the sum of $4,731.88 mentioned in paragraph Fifth thereof.  The last named sum is claimed by the plaintiff upon the ground that it was wrongfully paid over by the town to the Washington Pipe & Foundry Company.  The complaint also contains a second cause of action wherein the plaintiff seeks to recover the sum of $105 for certain material alleged to have been delivered to and accepted by the town.

Upon trial, and at the close of the plaintiff's evidence, the trial court granted the defendant town's motion for a non-suit, and the sustaining of such motion is assigned as error.

As to the first cause of action, the same relating to plaintiff's demand under the contract of July 17, 1907, the ground of the defendant's motion for a non-suit is, that the plaintiff contractor failed to prove or to allege that he filed with the town of Meeker the contractor's verified statement, provided for by section 2, chapter 124, Session Laws, 1899. The statute in question, sec. 5407 R. S. 1908, sec. 6051 Mills Ann. Sts. 1912, provides that:

"Before any payment shall be made to the contractor as may be provided for in the contract for the construction of such public works, the contractor shall present to the * * * trustees of towns * * * a statement in writing showing the amounts owing by him for labor performed or materials furnished, and the names of the persons to whom such sums are due. * * *"

The plaintiff is not suing upon the contract of January 2, 1906, which was a contract for the construction of a public work, but has brought an action upon the contract of July 17, 1907, which is an agreement fixing the amounts due under the original contract and providing when and under what circumstances such amounts shall be paid.

The contract upon which the suit is brought discloses an intention to depart from the rule of law created by the above quoted portion of the public works statute. This being true, the rule that a contract should be construed as though the provisions of the law were written in it does not apply. 6 R. C. L. 855, sec. 243. The statutory provision as to the contractor's verified statement was waived or dispensed with by the town when it entered into the agreement sued on. The waiver is apparent from several features of the contract. It nowhere requires, or even mentions, a verified or any statement from the contractor. In paragraph numbered Sixth it is agreed that the contractor "be now paid" $4,890.28. No conditions precedent are pre-

scribed for this payment. This discloses an intent to waive the statutory requirement. The claim of the Washington Pipe & Foundry Company is provided for in paragraph numbered Fifth. The reference to this claim and the absence of any mention of any other claim or claimant implies that the parties understood that there were no other claims of sub-contractors, laborers or material men of which they, or either of them, had knowledge. If such was their understanding, a verified statement by the contractor, as provided by the statute, would not and could not show "the names of the persons to whom such sums are due," and the statement would not subserve any useful purpose. An agreement between the town and the contractor as to the items of claims outstanding against the latter was the equivalent, at least so far as the town is concerned, of the statement called for by the statute. The provisions of paragraphs numbered Fifth and Seventh indicate that the town intended to and did protect itself and also claimants in thus waiving the statutory requirement. This is an additional reason for holding that the contract waives the requirement as to the contractor's statement, and that it would be contrary to the intention of the parties and inconsistent with the language of the contract to hold that the statutory provision in question is embodied in the contract.

For the reasons above given, the trial court erred in sustaining defendant's motion for a non-suit as to the first cause of action.

Error is assigned to the trial court's sustaining defendant's motion for a non-suit as to plaintiff's second cause of action. The motion was made upon at least four distinct grounds. The court in sustaining the motion did not indicate what grounds were well taken. One of the grounds assigned relates to a requirement of an ordinance as to the presentation of claims, and is practically a repetition of an affirmative defense which is pleaded by the town in its answer. There is clearly no reason for sustaining the motion on such ground. The remaining grounds are to the effect that plaintiff failed to show that the town contracted for,

purchased, ordered, accepted or used the material left by him at Meeker. The plaintiff testified that the material was delivered to and accepted by the city marshal and one member of the committee, representing the town, that had made the "settlement," evidently referring to the contract sued on in the first cause of action. The material, consisting of pipe, was measured up, and the parties acting on behalf of the town agreed to take it at the price of $105. A motion for non-suit admits the truth of plaintiff's evidence and every inference of fact that can legitimately be drawn, and on such motion the evidence will be interpreted most strongly against defendant. 38 Cyc. 1551. The plaintiff's evidence made out a *prima facie* case. The defendant offered no testimony. Under these circumstances we deem it was error to sustain the motion.

The judgment is reversed and the cause remanded.

Reversed and remanded.

Decision *en banc.*