## No. 9165.

### LOVE *v.* COTTEN.

1. NON-SUIT—*Motion for*, admits every inference of fact that can be legitimately drawn from the plaintiff's evidence.

Plaintiff sueing to quiet title to a water right produced a writing subscribed by one Lock, the original proprietor of the ditch, declaring that he had sold to parties named, the same from whom plaintiff produced title, "an undivided half interest in the ditch."

There was no evidence that Lock owned any other ditch which could have supplied water to the premises of those named in the writing as vendees, *Held* it was to be presumed that the writing referred to the single ditch so owned by Lock.

2. WITNESS—*Competency.* A witness is not excluded under Sec. 7267 of the Revised Statutes, where he has no interest in the suit in which his testimony is offered, even though he is concerned in a different suit, involving the validity of a contract, upon which depends the suit in which he is offered.

3. POSSESSION OF WATER RIGHT—*Effect.* After the purchaser of a water right has long been in possession under an informal writing, the informality cannot be urged against his right.

4. WATER RIGHT—*Adjudication Decree*, cannot determine the title to a ditch, or the right to enjoy the waters thereof, but only the relative priorities of the different ditches in respect of priorities as claimed.

*Error to El Paso District Court, Hon. W. S. Morris, Judge. Department One.*

Mr. W. D. LOMBARD, Mr. W. N. RUBY, for plaintiff in error.

Messrs. ORR, ROBINETT & MASON, Mr. J. C. YOUNG, for defendants in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error brought suit to quiet title to a one-fourth interest in the waters of the Lock Ditch, No. 15, in El Paso County, including priorities Nos. 15, 22 and 43.

He alleged in his complaint that in 1879 one Mathias Lock was the owner of the said Lock Ditch, which he used to carry water for the irrigation of his land; that, in April of said year, said Lock sold an undivided one-half interest

in said ditch and the water-right belonging thereto to one Owen and William A. Love, to each a one-fourth interest; that said Lock executed an instrument conveying said interest to said parties; that, later in said year, said Owen and Love, under an agreement with said Lock, enlarged said ditch, and paid said Lock $100, the increased quantity of water carried by said ditch to be divided as before; that plaintiff had succeeded to the rights of said William A. Love; that the water in said ditch had been used by said parties in the proportion above named since said sale, until recently, without objection on the part of said Lock, his heirs or assigns; that on the adjudication of water-rights in that district, in 1882, it was agreed by said parties that said Lock should attend to the adjudication of rights in said ditch, the rights of each of said parties to be preserved by whatever decree was made; that plaintiff had recently, for the first time, become aware that the decree obtained by said Lock gave to him, alone, the right to priority No. 15, being the right to the water carried by said ditch before said enlargement, and to said Lock one-half, to Owen one-quarter and to said William A. Love one-quarter, in priorities Nos. 22 and 43, being the additional water carried after said enlargement; and that defendants, successors to the rights of said Lock, were claiming that plaintiff had no interest in said priority No. 15.

At the close of plaintiff's case the court sustained a motion for a non-suit, and dismissed the complaint.

This ruling is now assigned as error, as is also the sustaining of an objection to the deposition of said Owen.

It is difficult to understand upon what ground the motion to dismiss was sustained.

A tenant of the Lock farm, in 1880, testified that Lock at that time told him that he had sold one-half of the water in the ditch to Owen and Love; and that the farm was entitled to one-half of said water. This witness also stated that the water was used by him in that proportion.

Two other witnesses, one having resided on the Love ranch in 1879, testified to such use of the water that year,

and that it had been so used ever since said date; that is, Lock used all the water four days, Love two days and Owen two days. One of these witnesses testified that, in 1879, the water was divided in the ditch, in said proportion, the dividing apparatus having been made and installed by Lock.

Another witness testified to its use, as above stated, in 1903 and 1904, he having been a tenant of the Owen farm in 1903, and working on the Love farm in 1904.

A witness, who was water commissioner of that district two years, and a deputy commissioner afterwards, testified that the water was used in said proportion.

In addition to this, there was in evidence the following writing, plaintiff's Exhibit "B":

"Lock's Ranch, April 29, 1879.

This is to certify that I have sold to Wm. Love and Thomas Owen an undivided one-half Interest in the ditch according to contract Exclusive the Right to put a wheel on Said Ditch for watter power Said wheel shall not interfere with the Natural Grad of the Ditch or check the watter to the Injury of the said Love and Owens. I also have received Payment in full for said Interest in Said Ditch.

MATTS LOCK."

Counsel for defendants in error contend that this writing has no probative force because it does not identify the ditch to which it refers, and that, if the evidence is equally consistent with the theory that Lock owned more than one ditch, the writing is robbed of all force. This position ignores the rule that a motion for a non-suit admits every inference of fact that can legitimately be drawn from plaintiff's evidence. In the absence of evidence of the existence in 1879 of another ditch owned by Lock, and capable of supplying water to the Owen and Love farms, the court was bound to presume that the contract referred to Ditch No. 15.

If, however, the contract was ambiguous in not describing the ditch, the defect was remedied by the testimony of Thomas Owen, by deposition, which was excluded on the

objection that he was barred by the statute, the suit being against the executors of Lock's will, and sundry devisees.

The exclusion of this testimony is assigned as error. In defense of the ruling, it is urged that Owen was within the excluded class in such suits because he had a case pending which involved the same contract sought to be established in this cause.

The statute, sec. 7267, R. S. 1908, bars parties to civil actions, suits or proceedings, or persons "directly interested in the event thereof." The witness Owen was interested in the question of the validity of the contract, but he was not interested in the event of this suit. However it might result, his action might terminate differently. Discussing statutes like ours, it is said in 40 Cyc., page 2280:

"In order to disqualify a witness, his interest must be present, direct, certain and vested; and such interest must be in the event of the particular case, and not merely in the question to be decided therein."

*Smith v. Smith,* 22 Colo. 480, 46 Pac. 128, 34 L. R. A. 49, 55 Am. St. 142, is clearly in point, it being there held that the consolidation of several suits, involving the same transaction, but with different parties defending as heirs, was an injury to the defendants because each defendant was thereby deprived of the testimony of the other defendants in the suit.

The exclusion of Owen's deposition was prejudicial error, since, if there were any doubt as to the making of the contract on the other testimony, it was set at rest by his positive statements as a party to it. The evidence is undisputed that the contract was fully performed, and that the buyers of the rights were put in possession thereof, and possession retained ever since the date of sale. It is now too late to question the validity of the contract on the ground of its form. *McClure v. Koen,* 25 Colo. 284, 53 Pac. 1058.

Defendants in error claim that the adjudication decree, making Lock the owner of priority No. 15, is conclusive against the plaintiff, and the trial court appears to have

been of that opinion. Such is not the fact. The decree could not determine the ownership of the ditch, or the rights to its waters, but only the relative priorities of the different ditches. *Evans v. Swan*, 38 Colo. 92.

The judgment is reversed.

Judgment reversed.

Chief Justice Hill and Mr. Justice White concur.