No. 14,795.

WESTWOOD *v.* RICHARDS ET AL.
(122 P. [2d] 247)

Decided December 15, 1941.   Rehearing denied February 16, 1942.

Mr. Arthur E. Aldrich, Mr. Clement R. Hackethal, for plaintiff in error.

Mr. William O. Perry, Mr. Lennart Erickson, for defendants in error.

*In Department.*

Mr. Justice Bock delivered the opinion of the court.

This is an action for the specific performance of an oral agreement entered into by Edward W. Westwood and one Morris—the interest of the latter being subsequently acquired by Westwood—with Charles W. Dyke, now deceased, under the terms of which Dyke was to convey to them by deed a nonassessable one-third interest in certain mining properties. Defendants in error, who were defendants below, are heirs at law of Dyke, one of them being the administratrix of his estate. At the close of plaintiff's case, counsel for defendants interposed a motion for nonsuit, and the court, holding that the evidence was insufficient to warrant a finding in favor of plaintiff, granted the motion and entered judgment of dismissal.

The sole question presented for our determination is whether the evidence of plaintiff was sufficient to sustain the material allegations of his complaint and make out a prima facie case. Briefly, the undisputed facts are as follows:

Dyke was interested in the development of mining claims. His attention was called by Westwood and Morris to what is termed the Oneida-Stag group of mining claims, which Dyke thereafter sought to acquire

through the efforts of Westwood and Morris. Under the terms of the agreement the latter were to receive an undivided one-third interest in the properties, free from the burden of cost of operation and upkeep, if they would obtain from the owners permission to clean out and unwater the properties for the purpose of examination; and such permission being granted, they would do this work. This, together with one Mitchell, a mining expert employed by Dyke, they performed by working on the properties for a week at one time, and on several other occasions. After the clearance and unwatering of the properties, and after the examination by Mitchell, Westwood and Morris would, under the terms of the oral agreement, obtain a deed to the mining properties, which, after some negotiations, was accomplished through a public sale. Morris prepared a deed for his one-sixth interest, which was presented to Dyke, who, after reading it, was willing to sign it, but, being unable to secure the services of a certain notary public because of his absence from home, the execution of the deed was postponed, and shortly thereafter Dyke was killed in an automobile accident. Dyke had presented a deed for the one-sixth interest of Westwood to the latter's attorney, which was offered to Westwood, who refused to accept it because it did not contain a provision of nonassessability. This deed was in the possession of the attorney at the time of Dyke's death, and he thereafter delivered it to counsel for defendants. To at least two disinterested witnesses, who sought to obtain an interest in this mining property, Dyke had on several occasions stated that Westwood and Morris each owned a one-sixth interest in the same. From this evidence it is reasonable to infer that Westwood and Morris had performed all of their obligations under the oral agreement, the only unexecuted stipulation being the delivery to them of the deeds.

A motion for a nonsuit admits every inference of fact that can legitimately be drawn from plaintiff's evi-

dence. *Ford v. Town of Meeker*, 64 Colo. 201, 170 Pac. 955; *Love v. Cotten*, 65 Colo. 593, 179 Pac. 806.

In *Peters v. Peters*, 73 Colo. 271, 215 Pac. 128, reference is made to the two last mentioned cases. There, however, the judgment was reversed for other reasons. We distinguish the Peters case from the one here under consideration because in that opinion we expressly stated that there was a "conflict in the evidence," while in the case at bar the evidence is undisputed.

In our opinion, the evidence, as above conpendiously set out, supports the allegations of the complaint and constitutes a prima facie case; consequently we hold that the trial court committed reversible error in sustaining the motion for a nonsuit.

The judgment is reversed and the case remanded for a new trial.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE HILLIARD concur.

MR. JUSTICE BAKKE dissents.