No. 15,319.

WESTWOOD *v.* RICHARDS ET AL.
(158 [2d] 390)

Decided April 23, 1945.

Mr. LEROY J. WILLIAMS, Mr. JAMES D. DOYLE, for plaintiff in error.

Mr. WILLIAM H. SCOFIELD, Mr. LENNART ERICKSON, for defendant in error.

*In Department.*

MR. JUSTICE JACKSON delivered the opinion of the court.

IN this case the trial court granted specific performance of an oral agreement. The winning plaintiff in that court comes here on writ of error. Reference will be made to the parties as they appeared in the trial court. The cause was previously before us as Westwood v. Richards, the opinion in which is reported in 109 Colo. 17, 122 P. (2d) 247. That case involved the same parties and was based upon the same pleadings as are now before us. The evidence of the plaintiff in both cases consisted of the testimony of the same five witnesses. At the close of the plaintiff's case in the first trial, the court granted a motion for a nonsuit and entered judgment of dismissal. We reversed that judgment and remanded

the case for a new trial, holding that a motion for nonsuit admits every inference of fact that can legitimately be drawn from the plaintiff's evidence, citing *Ford v. Town of Meeker,* 64 Colo. 201, 170 Pac. 955; *Love v. Cotten,* 65 Colo. 593, 179 Pac. 806; and that, so viewed the evidence of the plaintiff made out a prima facie case. In our opinion in the earlier case we gave a detailed account of plaintiff's evidence. At the conclusion of the second trial following our remand of the case, the trial judge entered judgment in favor of plaintiff, stating as his conclusions of law: "That the equities are with the plaintiff and against said defendants and that the plaintiff is entitled to a conveyance of a one-third interest in and to" certain mining claims in Clear Creek county, Colorado, "and that the plaintiff is entitled to recover his costs herein."

Notwithstanding this favorable judgment, the plaintiff alleges error in that, although the court found that there was an agreement on the part of defendants to convey the aforesaid one-third interest in the mining claims, the decree should also have included the provision that plaintiff should have a nonassessable interest in the claims. The trial court's amended findings of fact and conclusions of law included the following paragraph: "9. That there was no agreement that the interest to be conveyed was to be nonassessable."

██ ██ Plaintiff's position is, that our opinion in *Westwood v. Richards, supra,* constitutes the law of the case; that our recital of plaintiff's evidence in that case included the statement "under the terms of the agreement the latter [Westwood and Morris] were to receive an undivided one-third interest in the properties, free from the burden of cost of operation and upkeep, if they would obtain from the owners permission to clean out and unwater the properties for the purpose of examination; and such permission being granted, they would do this work." That the judge in the second trial was

bound by this recital to order a nonassessable provision to be included in the conveyance.

We are not accepting this argument as a correct legal statement for two reasons. First, because what we said by way of recital of the evidence introduced on the first trial and prior to the granting of nonsuit, was not intended as a final determination of either the facts or the law in the case, but merely as demonstrating that our holding that a prima facie case had been made justified a full trial and that a judgment of nonsuit was not warranted. We expressed no opinion on the final merits of the case. The purpose of our remand was that the cause be tried on its merits and finally determined in a new trial. Secondly, our recital, as quoted by counsel for plaintiff, may have laid undue emphasis on the non-assessability of the interest to be transferred; for, although the pleadings allege that the fractional mining interest to be conveyed was to be free from the burden of the cost of operation and upkeep, a present examination of the record of that earlier case shows very little evidence to support that allegation. The testimony of attorney Talkington, that a deed tendered to plaintiff conveying the mining interest had been refused because it did not contain a provision that that interest was to be nonassessable, might be considered merely to have raised a question on that point. Although the testimony of the daughter of plaintiff's associate in the trial in the instant case included a reference to the nonassessability of the mining interest (wholly lacking in her testimony in the first trial), evidence of other facts and circumstances seemed to rebut the claim of nonassessability. It was for the trial judge to determine the weight to be given the testimony of the witnesses.

▪ We believe the trial judge in the instant case was justified in trying the case de novo, and we further believe, after an examination of the record, that there was sufficient competent evidence to justify his finding

that the mining interest to be conveyed was not to be nonassessable.

The two cross specifications of defendants in error allege: "First, The court erred in decreeing that the defendants convey to the plaintiff a one-third interest in the property described in the complaint. Second, The court erred in decreeing a partial specific performance of the contract alleged instead of relegating the plaintiff to his action at law, if any." For the reasons indicated in our discussion of plaintiff's contentions, there could well have been a doubt in the mind of the trier of the facts as to whether there had been any agreement on the matter of the assessability of the mining claims to be conveyed, and still a finding could be made and a decree entered, based on plaintiff's evidence, as heretofore set forth in our earlier opinion, that there was an oral agreement (coupled with a performance that would take it out of the statute of frauds) to convey the one-third interest in the mining claims.

Judgment affirmed.

MR. CHIEF JUSTICE BAKKE and MR. JUSTICE KNOUS concur.