No. 16,531.

New Multa Trina Ditch Company *v*. Patch.
(230 P. [2d] 597)

Decided April 9, 1951.

Messrs. Claussen & Hubbard, for plaintiff in error.

Messrs. Delaney & Stewart, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

We will hereinafter refer to the parties as they appeared in the trial court, where plaintiff in error was petitioner, and defendant in error was respondent.

Petitioner sought to condemn the interests of respondent in irrigation ditch or ditches known as the Multa Trina Ditch and the Smart Ditch, located in Garfield county in Water District No. 45. The condemnation was sought under provisions of sections 12, 13 and 14, chapter 90, '35 C.S.A.

Respondent, A. L. Patch, filed his motion to dismiss, asserting that the said statute is unconstitutional; that petitioner, in its petition, failed to state sufficient facts to sustain its right to condemn the interest of respondent in the said ditch or ditches; and that it appears from the petition that the ditches involved are not lateral ditches, and are not subject to the provisions of the statute under which the proceedings were brought. Consideration of the ground last mentioned makes it unnecessary to determine whether the statute is unconstitutional.

The trial court adjudged, "That the petition in condemnation herein be and the same is hereby dismissed at the cost of the petitioner." To reverse this judgment petitioner has sued out a writ of error.

The pertinent statutory provisions contained in chapter 90, '35 C.S.A., are as follows:

"§12. Whenever the owners of sixty per cent. or more of the area of lands served by any one lateral ditch used for the delivery of water for irrigation from a common source, shall organize a corporation having for its object the taking over and owning of all of the interests of the incorporators in said lateral, said incorporators to receive shares of stock in said corporation for their holdings, the corporation as organized shall have power, under the eminent domain act of the state of Colorado, to condemn the interest, or interests in said lateral, belonging to the owners of the remaining forty per cent. or less of the lands so served by the lateral.

"§13. In said condemnation proceedings, the court, jury or commissioners having authority in the premises, shall consider as one of the elements of benefit accruing to the owners of the property so being condemned, the

advantages accruing to said owner by reason of the organization of said corporation.

"§14. It shall be lawful for said corporation to pay the damages, if any, assessed on account of the taking in such condemnation proceedings, in its own corporate stock at the same price per share paid therefor by the original incorporators, and the court, jury or commissioners having authority in the premises, in arriving at the damage to be awarded, shall take into consideration the amount of stock which the original incorporators shall have received for their holdings."

Petitioner alleged that it was a corporation organized for the purpose of owning and operating "a lateral ditch known as the Multa Trina Ditch and the waters adjudicated thereto, located in Garfield county, Colorado, and in Water District No. 45 of the State of Colorado"; * * * "That said Smart Ditch is the same physical channel and one and the same ditch as that hereinbefore described as the Multa Trina Ditch, the headgate of the joint ditch being located on the West Bank of Divide Creek in Garfield County and Water District No. 45 in the State of Colorado at a point whence the Southeast Corner of Section 11, Township 7 South, Range 92 West of the 6th P.M. bears South 7°50′ East 1587 feet. * * * That prior hereto there was adjudicated to said Smart Ditch for the use and benefit of certain minority stockholders then owning the aforementioned 42 shares of stock, Priority No. 134A for 540 cubic feet of water per minute of time with priority relating back and dating from October 20, 1904. That prior hereto the said Multa Trina Ditch was adjudicated the same priority number for 2700 cubic feet per minute of time relating back and dating from October 20, 1904. Both said Multa Trina Ditch and Smart Ditch have been numbered 86AAA in the decrees of this Court for Water District No. 45."

As hereinbefore noted, respondent contended, among other things, that it appeared from the petition itself that the ditches involved in the controversy are not "lateral"

ditches, and that the statute upon which petitioner relies is wholly inapplicable.

■ ■ The question for determination is: *Does it appear from the allegations of the petition that the controversy involves "one lateral ditch used for the delivery of water for irrigation from a common source"?*

The question is answered in the negative. The word "lateral" is defined by Webster as follows: "In irrigation and sewer systems, a side ditch or conduit, as distinguished from a *main.*" The words "lateral ditch" and, in the alternative, the word "lateral" alone, are of frequent use in connection with irrigation in Colorado, and their meanings are well understood. A ditch normally has its headgate in a stream or other primary source of water supply. A lateral is a branch ditch which has its headgate in the main ditch and not in a natural watercourse. Under our system of adjudication, water rights are decreed to ditches, not to laterals, and the water so decreed to the ditch is divided among the several owners at the headgates of the laterals leading to their several lands. *Woods v. Sargent,* 43 Colo. 268, 95 Pac. 932; *Park v. Park,* 45 Colo. 347, 101 Pac. 403.

■ As heretofore quoted, the petition in condemnation affirmatively discloses that the headgate of the Multa Trina Ditch is located on the west bank of Divide Creek, not in a ditch bank, and a water right has been adjudicated to said Multa Trina Ditch and a priority number of appropriation assigned thereto. It thus affirmatively appears from the petition that said ditch is not a lateral ditch as the term is universally employed in our irrigation usage and it is not a lateral under the dictionary definition. No reason is suggested for any other legislative intent in its usage of the word in the statute.

It follows that the trial court committed no error in sustaining the motion to dismiss, and the judgment accordingly is affirmed.