Wilson, J.,
delivered the opinion of the court.
This was an action for divorce and alimony instituted by the plaintiff in error. It is admitted that no marriage ceremony was performed, and that there was no compliance had or attempted with the statutory provisions as to the solemnization of marriage. It was alleged in the complaint and attempted to be shown that a marriage was created by a verbal agreement of the parties, followed by cohabitation for a period of about four years, and general repute. All material allegations were denied by a verified answer. The issues were found in favor of the defendant, and judgment rendered dismissing the bill.
This case was before this court heretofore on an application for alimony pendente lite, and in the course of its opinion denying the application the court said: “ We are unable to discover errors which have the impression they are of sufficient importance to compel a reversal of the judgment, unless we accept counsel’s proposition that the judgment is not supported by the evidence.” Taylor v. Taylor, 7 Colo. App. 549. We still adhere to the same views, and hence the only question to he now considered is whether there was sufficient evidence to support the judgment.
By the statutes of Colorado, marriage is declared to be a civil contract, and there is only one essential requirement to its validity, between parties capable of contracting, viz: the consent of the parties. There are certain statutory provisions as to license, certificates, record and authority to perform the marriage ceremony, etc., but nowhere is a marriage declared to be void because it was not contracted in accordance with these provisions, or was contracted in violation of them. It follows therefore that a marriage contract between parties of contracting capacity which possesses the one essential prerequisite, may be valid, although no provision of the statute as to its solemnization may have been followed or *305 attempted to have been followed. In other words, in this state a marriage simply by agreement of the parties, followed by cohabitation as husband and wife and such other attendant circumstances as are necessary to constitute what is termed a common-law marriage, may be valid and binding.
Does the evidence in this case show that such a marriage was contracted between the parties ? The great weight of authority is that the contract alone is not sufficient, unless it is followed by its consummation, that is, by cohabitation as husband and wife. It is also agreed that in cases where the contract or agreement is denied and cannot be shown, its existence may be proven by, and presumed from, evidence of cohabitation as husband and wife, and general repute.
Cohabitation as here used means something more than sexual.intercourse. Bouvier defines cohabit to be “to live together in the same house claiming to be married.” Webster defines cohabitation as “ the act or state of dwelling-together or in the same place with another.”
“ It is not a sojourn, nor a habit of visiting, nor even a remaining with for a time. None of these fall within the true idea of co-habitation as a fact presumptive of marriage. * * * To co-habit is to live or dwell together, to have the same habitation; so that where one lives and dwells there does the other live and dwell with him.” Yardley’s Estate, 75 Pa. St. 211.
By general reputation or repute is meant the understanding among the neighbors and acquaintances with whom the parties associate in their daily life, that they are living together as husband and wife, and not in meretricious intercourse. “ In its application to the fact of marriage, it is more than mere hearsay. It involves and is made up of social conduct and recognition, giving character to an admitted and unconcealed co-habitation.” Badger v. Badger, 88 N. Y. 556. It is necessary that there be evidence both of cohabitation and reputation before such a marriage can be presumed. Proof of one alone is not sufficient to sustain the presumption. Commonwealth v. Stump, 53 Pa. 132.
*306 As was said in the Yardley Estate case above cited : “ The Scotch expression conveys the true idea, perhaps better than our own, — the ‘ habit and repute ’ of marriage. Thus when to see a man and woman constantly living together, — where one is dwelling, there the other constantly dwells with him, — we obtain the first idea or first step in the presumption of marriage ; and when we add to this that the parties so constantly living together, are reputed to be man and wife, and so taken and received by all who know them both, we take the second thought, or second step in the presumption of the fact of a marriage. Marriage is the cause, these follow as the effect. When the full thought contained in these words, co-habitation and reputation of marriage, is embraced, we discover that an inconstant habitation and a divided reputation of marriage carry with them no full belief of an antecedent marriage as the cause. The irregularity in these elements of evidence is at once a reason to think there is irregularity in the life itself the parties lead ; unless attended by independent facts which aid in the proof of a marriage. Without concomitant facts to prove marriage, such an irregular co-habitation and partial reputation of marriage, avail nothing in the proof of marriage.”
Applying these rules to the evidence in this case, which we have fully and carefully examined, we have no hesitancy in saying that it is amply sufficient to support the findings and judgment of the trial court. Not ouly this, but the proof failed to sustain the allegations of plaintiff, and any other finding and judgment would have been against the great weight and preponderance of the evidence. The testimony cannot be read without creating the conviction that no marriage was ever' contemplated, and that the relations between the parties were wholly meretricious.
If the facts presented a case in which there was the slightest reason to believe that youth and inexperience had been imposed upon and deceived, the court would feel impelled by every dictate of'right and justice, as well as by the settled rules and principles of law, to shield and protect innocence *307 so far as -within its power, by indulging in every possible presumption in its favor. This is far from being such a case, however. At the time when the pretended contract was made and the connection with defendant begun, plaintiff was thirty-eight years of age, had been twice married and as many times divorced, had been an actress for twenty years and traveled much, and according to her own testimony, had previously had a wide and varied experience, aside from that matrimonial.
The judgment is affirmed.
Affirmed.