MAXIMO CARAS, *Appellant,* v. EDISON PURVIS HENDRIX *et al., Appellees.*

1.  At common law, marriage is regarded as a natural civil contract relation that is valid when consummated by the consent and cohabitation of competent parties. Such relation may be regulated by law in the interest of the general welfare.

2.  Statutory enactments regulating the manner of licensing and solemnizing marriages and the keeping of a record thereof are generally regarded as directory, and a failure to comply with such statutory provisions does not render invalid or void the marriage relation entered between competent parties as at common law, unless the language used expressly or by implication makes the relation illegal when the requirements of the statute are not complied with.

3.  The common law is in force in this State, except where it is modified by competent governmental authority. No statute of this State expressly or by fair implication renders invalid or void marriage contracts between competent parties that are consummated under the rules of the common law.

4.  The statutes of this State upon the subject of issuing and recording marriage licenses and designating those who shall perform marriage ceremonies in so far as they affect the marriage status, are merely directory, and a marriage relation consummated between competent parties as at common law is valid in this State, even though the statutory requirements are not complied with.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Wall & McKay,* for Appellant;

*Thomas Palmer,* for Appellees.

WHITFIELD, C. J.—This appeal is from a decree in partition proceedings. The only question presented for determination is whether a marriage good at common law is in this State void unless a license therefor is procured and the ceremony is performed by those designated for that purpose in the statute.

An agreed statement of facts sets forth that:

"First. That Maximo Caras, the complainant, at and prior to any of the dates hereinafter mentioned, was unmarried and was over the age of twenty-one years, and that Annie Purvis was also unmarried and was over the age of twenty-one years, and that there was no legal impediment whatsoever existing whereby these parties could not lawfully intermarry, but that prior to any of the dates hereinafter mentioned the said Annit Purvis had given birth to the defendant, Edison Purvis Hendrix, and that prior to her intermarriage with her co-defendant, Will Hendrix, the said Edison Purvis Hendrix was known as Edison Purvis.

Second. That while no marriage license under the provisions of Section 2055 of the Revised Statutes of the State of Florida, which was then in force, was ever issued or procured for the intermarriage of the complainant and the said Annie Purvis, and while no marriage ceremony was ever performed between the complainant and the said Annie Purvis by any regularly ordained minister of the gospel or by any judicial officer or notary public of the State of Florida, yet on or about the 25th day of December, A. D. 1892, the said complainant and the said Annie Purvis became acquainted with each other and a

short while thereafter, in the County of Hillsborough of the State of Florida, to-wit, on or about the 25th day of December, A. D. 1893, the said complainant and the said Annie Purvis agreed with each other to be husband and wife, and the said Annie Purvis immediately assumed the name of Annie Caras, and from the time of such agreement they cohabited and lived together in that relation until the time of the death of the said Annie Caras on or about the 10th day of March, A. D. 1910, and during all of said time the said parties not only cohabited and lived with each other as husband and wife, but they were known and received as man and wife by a large circle of acquaintances, and from the time they so began to live and cohabit with each other as husband and wife the said Annie Purvis, under the name of Annie Caras and as the wife of the complainant, joined with the complainant in the execution of a number of deeds and mortgages covering real estate, and in the execution of all other instruments and documents in which the law required the wife to join, the said Annie Purvis, under the name of Annie Caras and as the wife of the said complainant, joined with the complainant in the execution thereof, and in the city directories which were published for the City of Tampa the said complainant and Annie Purvis, under the name of Annie Caras, were set out and advertised as husband and wife, and from the time the said Annie Purvis commenced to live and cohabit with the said Maximo Caras as hereinbefore stated, she was never known by any other name than that of Annie Caras, and with the exception of a short period immediately after they began to cohabit and live together and when they resided on the Island of Cuba, the said complainant and the said Annie Purvis, under the name of Annie Caras, had their own residence in the City of Tampa, Florida,

and at the time of the death of the said Annie Caras they were living together in their own home, and the complainant took charge of the corpse and paid the funeral expenses. And it is hereby further agreed that the purchase price for the properties owned by the said Annie Caras at the time of her death was paid by the complainant, and that these two pieces of property were not the only property which was purchased by the complainant and title to which was taken in the name of the said Annie Caras.

Third. It is further agreed that the intent of this stipulation as to all the facts hereinbefore set forth is as follows: If, under the law of the State of Florida as it existed during the year 1893, what is known as a common law marriage could exist, then the complainant was the husband of the said Annie Caras and he and her child, the said Edison Purvis Hendrix, inherited in equal shares the real estate owned by her at the time of her death, but if under the law of the State of Florida, as it existed during the year 1893 a common law marriage could not exist, then the said complainant was and is not an heir at law of the said Annie Caras, deceased, and he takes nothing by way of inheritance in the property of the said Annie Caras, deceased."

Upon these agreed facts the court held "that under the law of the State of Florida as it existed in the year A. D. 1893, no marriage could be contracted or exist unless a license was procured therefor and said marriage was solemnized by a regularly ordained minister of the Gospel or some judicial officer or notary public of this State."

It was accordingly decreed that the complainant Maximo Caras was not the husband of Annie Caras and was not an heir of said Annie Caras with her only child, the defendant Edison Purvis Hendrix. From this decree the complainant appealed.

29—Vol 62

Section 2295 of the General Statutes provides that property of an intestate shall descend "to the children or their descendants and the husband if the decedent be a married woman and the husband survive her."

Upon the subject of the issue of marriage license and proceedings thereon the following statutes were in force during the year 1893:

"2574 (2055). County Judge to Issue Marriage Licenses.—Every marriage license shall be issued by the county judge of the county wherein the woman resides, under his hand and seal, and it shall be the duty of said county judge to issue such license, upon payment of his fee of two dollars, if there appears to be no impediment to the marriage. If either of the persons to be named in the license be under the age of twenty-one years, the county judge shall require satisfactory evidence of the consent of the parent or guardian of such minor to the marriage; but no minor who has been before married shall be required to produce evidence of the consent of parent or guardian as aforesaid.

2575 (2056). Who Authorized to Solemnize Matrimony.—All regularly ordained ministers of the Gospel in communion with some church and all judicial officers and notaries public of this State are authorized to solemnize the rights of the matrimonial contract, under the regulations prescribed by law.

2576. (2057). Marriage Not to be Solemnized without a License.—Before any of the persons named in the preceding section shall solemnize any marriage, he shall require of the parties a marriage license issued according to the requirements of Section 2574, and within ten days after solemnizing the marriage he shall make a certificate thereof of the license, and shall transmit the same to the office of the county judge from which it issued.

2577. (2058). Record of License and Certificate.— The county judge shall keep, in good and substantially bound books, a correct record of all marriage licenses issued, with the names of the parties and the date of issuing, and upon the return of the license and certificate he shall enter therein the name of the person solemnizing the marriage and the date of marriage and of the return. The original license and certificate shall be filed as evidence of the marriage.

2578. (2059). When no Certificate Is Made.—Whenever any marriage is or has been solemnized by any of the persons named in Section 2575 and such person has not made a certificate thereof of the marriage license as required by Section 2576, or when the marriage license has been lost or when by reason of the death or other cause the proper certificate cannot be obtained, the marriage may be proved by affidavit before any officer authorized to administer oaths made by two competent witnesses who were present and saw the marriage ceremony performed, which affidavit may be filed and recorded in the office of the county judge from which the marriage license issued, with the same force and effect as in cases in which the proper certificate has been made, returned and recorded."

At common law marriage is regarded as a natural civil contract relation that is valid when consummated by the consent and cohabitation of competent parties. Such relation may be regulated by law in the interest of the general welfare. Statutory enactments regulating the manner of licensing and solemnizing marriages and the keeping of a record thereof are generally regarded as directory, and a failure to comply with such statutory provisions does not render invalid or void the marriage relation entered between competent parties as at common law, unless the language used expressly or by implication

makes the relation illegal when the requirements of the statute are not complied with.

The common law is in force in this State except where it is modified by competent governmental authority. No statute of this State expressly or by fair implication renders invalid or void marriage contracts between competent parties that are consummated under the rules of the common law. The statutes of this State upon the subject of issuing and recording marriage licenses and designating those who shall perform marriage ceremonies in so far as they affect the marriage status, are merely directory, and a marriage relation consummated between competent parties as at common law is valid in this State, even though the statutory requirements are not complied with. Daniel v. Sams, 17 Fla. 487; Meister v. Moore, 96 U. S. 76, text 79; 26 Cyc. 837, 840; and cases cited; Bish. on Mar., Div. & Sep., Sec. 37.

The agreed facts show the consummation of a marriage relation valid at common law between Maximo Caras and Annie Purvis, both competent parties, by consent and cohabitation as man and wife, and by their conduct towards each other and in their relations with third persons and the public generally. This is sufficient to make the husband an heir of the deceased wife who died intestate.

The decree is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.