No. 9413.

BREWER v. BREWER'S ESTATE.

1. COMMON LAW MARRIAGE—*Evidence.* The evidence examined and held to establish a common law marriage.

2. DESCENTS AND DISTRIBUTIONS—*Common Law Wife,* inherits from
   the husband.

*Error to Weld County Court, Hon. Herbert M. Baker,*
*Judge.*

Mr. R. E. WINBOURN, for plaintiff in error.

Mr. G. H. BRADFIELD and Mr. L. B. REED, for defendant
in error.

Mr. Justice Allen delivered the opinion of the court.

ON January 18, 1918, a verified petition for determina-
tion of heirship in the matter of the estate of Joseph W.
Brewer, deceased, was filed in the County Court of Weld
County, Colorado, by a brother of the deceased. Three
brothers and one sister, and no one else, were named in the
petition as all persons who are or claim to be the heirs of
the decedent. On February 15, 1918, one Laura Brewer
filed her verified answer to the petition, claiming that she
is the widow of Joseph W. Brewer, deceased, and as such
widow is the sole and only heir at law of such decedent.
Thereafter a hearing was had upon the petition and the
answer, and the court dismissed the claim of Laura
Brewer, and found that the heirs of Joseph W. Brewer, de-
ceased, are those named in the petition. Subsequently a
motion for a new trial was interposed and overruled, and
a decree entered in accordance with the finding above men-
tioned. The claimant, Laura Brewer, brings the proceed-
ings here for review.

The decree was, in effect, a determination that the plain-
tiff in error, Laura Brewer, was not the widow of Joseph
W. Brewer, deceased, and never had been his wife. The
only question necessary to be determined is whether or not
the decree is manifestly against the weight of the evidence,
in the respect above mentioned. It is admitted by the plain-
tiff in error that there had never been any marriage cere-
mony between her and the deceased, and that whatever
claim she has to being the widow of the decedent is by vir-
tue of a common law marriage.

The testimony proving, or tending to prove, a common law marriage of the parties in question, was not contradicted. In May, 1913, Joseph W. Brewer, then residing in the City of Denver, came to the home of the plaintiff in error, in the same city, and stated to her that he wanted her to be his housekeeper and his wife. Thereupon the latter, with her two children by a former marriage, removed to the former's house, and the parties began to live together, residing in Denver until April, 1914, when they removed to a homestead in Weld County. Upon arriving at the homestead, they lived at a neighbor's home, staying there a short time or until they constructed a dwelling on their own land. Thereafter they resided upon the homestead until the time of the death of the decedent, which occurred in January, 1917. During all of the time that the plaintiff in error and Joseph W. Brewer, now deceased, lived together, they did so ostensibly as husband and wife, and demeaned themselves toward each other as such. They were regarded and treated as husband and wife by their acquaintances and friends. They lived in the same dwelling house, and in all respects shared the same rooms therein. Their cohabitation was constant and exclusive, and in every way indicative of the marriage relation. It was an association, consciously and openly, as husband and wife. The claimant was known as Mrs. Brewer. The deceased both directly and indirectly, at different times, admitted or represented that Laura Brewer, the plaintiff in error, was his wife. The uncontradicted testimony may be summed up in the statements above made. The facts herein thus stated clearly prove that a valid common law marriage subsisted between the plaintiff in error and Joseph W. Brewer at the time of his death. *Taylor v. Taylor,* 10 Colo. App. 303, 50 Pac. 1049; *Klipfel's Estate v. Klipfel,* 41 Colo. 40, 92 Pac. 26, 124 Am. St. Rep. 26; *Estate of Matteote,* 59 Colo. 566, 569, 151 Pac. 448; *Smith v. People,* 64 Colo. 290, 170 Pac. 959.

The trial court's finding was manifestly against the weight of the evidence. The decree is reversed and set

aside, with directions to enter a decree finding that Laura Brewer is the widow and the sole and only heir at law of Joseph W. Brewer, deceased.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.