## No. 9872.

THE EMPLOYER'S MUTUAL INSURANCE CO., ET AL. *v.* MORGULSKI, ET AL.

Decided November 8, 1920.

Proceeding under the workmen's compensation act. Judgment for claimant.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Finding of Industrial Commission.* The appellate court will not reverse a finding of the Industrial Commission on the weight of the evidence, in reviewing a judgment of the district court.

2. *Marriage.* Evidence concerning marriage of claimant and deceased employe reviewed and held to establish the claim that they were husband and wife.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. FRANK C. WEST, Mr. H. A. HICKS, for plaintiff in error.

Mr. C. M. McCUTCHEN, Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THERE seem to be two questions which arise upon this record:

1. Was Lillian A. Morgulski the wife of Joe Morgulski, whose death benefit she claims?

2. If she was, was she dependent on him for support?

She testifies and it is undisputed that he desired to marry her and she him. She further testifies that her father objected while her mother approved. They became engaged and on July 4th, 1918, they agreed that they would live together as man and wife and would marry by ceremony as soon as they could get the father's consent, which they hoped to obtain since his only objection was her youth. Pursuant to this agreement they told her mother that they were married and proceeded to have intercourse, occupying, at various times, the same room in the house of her father and mother, without the knowledge of the father but with the knowledge of the mother, keeping their so-called marriage secret because of the father's objections.

It is impossible to determine from the testimony whether the deceased lived at the father's house or merely visited the claimant there at night. Her testimony and that of her mother is consistent with the claim that he merely visited her there, occupying the same room with her, but not taking his meals there, and not contributing to the support of the family, except a few dollars, which were by her given to her mother. It is also consistent (except, perhaps for the alleged fact that their relations were secret from the father) with the theory that he remained there weeks and perhaps months at a time, practically as a member of the family.

Morgulski told one of his employers that he was married to the claimant. He also when entering the employment

of the Oakdale Company, August 12th, 1918, signed an application which stated that he was married and that his wife's name was Lillian Morgulski, and gave her name at the address of her mother as the person to whom information should be given in case of accident to him. The mother testified that her daughter and Morgulski told her that they were married but wished to keep it secret from the father.

We cannot reverse the finding of the commission on the weight of evidence and therefore do not review it further.

The plaintiffs in error, however, insist that a mere contract of marriage, that is, an agreement to be then, there and thenceforth man and wife, does not constitute marriage without cohabitation, and that such cohabitation must be not merely sexual intercourse on visits of more or less length yet temporary, but actual dwelling together in the usual manner of married people, dwelling, as one court has expressed it, "with the habit and repute of marriage;" that in the present case there was no such cohabitation and therefore the claimant was not the wife of the deceased.

The flaw in this reasoning is in the minor premise. The evidence does not wholly fail to show a cohabitation as of marriage, though it is most unsatisfactory so far as the testimony and conduct of the claimant and her mother are concerned, but the added documentary evidence that deceased regarded claimant as his wife and directed information to her in case of accident to him must be regarded as giving character to such cohabitation as they had; and therefore, though the company's claim as to the kind of cohabitation, requisite in such a case to constitute marriage, be correct, we cannot say that the finding of the commission was unjustified.

This case must be distinguished from those where the sole or principal evidence of the contract of marriage is cohabitation, and from those where such contract is denied by one of the parties thereto, as *Peery v. Peery,* 27 Colo. App. 533, 150 Pac. 329, and from those in which the testimony of one of the parties to the contract is the only direct evidence thereof.

As to the support, there is, we think, sufficient evidence that she was dependent on him so that the finding must stand.

Judgment should be affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE BAILEY sitting for MR. JUSTICE SCOTT, concur.