No. 10,545.

IN THE MATTER OF THE ESTATE OF PETERS.

PETERS, ADMINISTRATRIX *v.* PETERS.

Decided April 2, 1923.   Rehearing denied May 7, 1923.

Petition to revoke the order of appointment of an administratrix. Petition granted.

*Reversed.*

*On Application for Supersedeas.*

1. EXECUTORS AND ADMINISTRATORS—*Revoking Order of Appointment —Burden of Proof.* In a proceeding to revoke the order of appointment of an administratrix, who was appointed upon her representation and claim of being the widow of deceased, the court properly imposed upon her the burden of proof.

2. MARRIAGE—*Common Law—Habit and Repute.* Admitting the existence of a contract of marriage and the absence of "habit and repute," the law will uphold the -marriage relation; admitting the "habit and repute" of marriage, and the absence of contract, the law will hold the relation adulterous.

3. JUDGMENT—*On Motion.* A motion for judgment at the conclusion of plaintiff's evidence in a jury case is equivalent to a demurrer to the evidence. But where the trial is to the court, which after hearing the evidence of plaintiff, concludes that an essential element of the case is not established, there is no occasion to call for a defense through further evidence.

4. PRACTICE AND PROCEDURE—*Equity—Motion for Judgment.* In an equity case, a motion for judgment at the conclusion of plaintiff's evidence is bad practice.

5. NONSUIT—*Grounds.* The precise grounds of a motion for nonsuit should be pointed out.

6. APPEAL AND ERROR—*Findings—Judgment.* In an equity proceeding, where the court's judgment may be correct or erroneous, depending upon its conclusion as to the facts, of which there is no expression in the record, the judgment is reversed and a new trial ordered.

*Error to the County Court of El Paso County, Hon. C. H. Dudley, Judge.*

Messrs. ORR & LITTLE, for plaintiff in error.

Mr. SAMUEL H. KINSLEY, Mr. MARTIN M. BURNS, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE county court, on petition and hearing, revoked letters of administration theretofore issued to plaintiff in error. To review that judgment she sues out this writ and asks that it be made a supersedeas. At the request of

both parties the cause is finally determined on this application.

Stella F. Peters, plaintiff in error (hereinafter referred to as administratrix), claiming to be the widow of Albert H. Peters, deceased, was, on her own application, appointed administratrix of his estate. Ten days later Harold C. Peters (hereinafter referred to as petitioner), son of deceased, denying the alleged relationship of administratrix, brought this action to revoke the order of her appointment. The hearing was to the court without a jury. The marriage relationship, if it existed, is conceded to have been at common law.

The court having entered an order requiring the administratrix to show cause why she should not be discharged, at the hearing thereon imposed upon her the burden of proof. Such would have been her position had the question arisen upon objection to her original appointment. Her right to act depending upon the marriage relation, we think the same rule applied when the question arose under an order to show cause.

There is evidence of an agreement between the administratrix and Albert H. Peters to be husband and wife and of the assumption thereafter by the parties of that relationship. There is no evidence of general publicity in the community of the existence of the relationship or general reputation in the community of the parties as husband and wife. Such publicity or reputation we hereafter refer to as the "habit and repute" of marriage.

Though not specifically disclosed by the record (because the finding is general) we gather that the trial court held such habit and repute essential to a common-law marriage. That holding was erroneous.

Marriage is a civil contract. Section 4162 R. S. 1908. Its existence is generally established as is that of other contracts. Any variation in the method of proof thereof is due to the peculiarity of the interest therein of a third party, i. e., the public. That two persons conduct their business as though a contract of partnership existed be-

teen them is some evidence of the existence of such a contract; that they do not is some evidence that such a contract does not exist. The statutes provide a method of contracting marriage. That method is not exclusive. If the question be whether a marriage has been otherwise contracted evidence that the parties conduct themselves as husband and wife is some evidence of such a contract; evidence that they did not is some evidence against it. The habit and repute of marriage are not an essential of the legality of the relationship but merely evidence of an essential, i. e., consent. Admitting the existence of the contract and its consummation, and the absence of habit and repute, the law will uphold the marriage relation. Admitting the habit and repute of marriage and the absence of consent and contract, the law will hold the relationship adulterous.

We are not cognizant of any former decision of this particular question in this jurisdiction. It is not in *Taylor v. Taylor*, 10 Colo. App. 303, 50 Pac. 1049. The specific holding in that case was that "no marriage was ever contemplated." Neither is the question decided in *Employers' Ins. Co. v. Morgulski*, 69 Colo. 223, 193 Pac. 725. Therein there was evidence of the habit and repute of marriage. The decisions of other states are conflicting. The following support our conclusion: 18 R. C. L. 394, secs. 15, 16; *Davis v. Stouffer*, 132 Mo. App. 555, 566, 112 S. W. 282; *Hulett v. Carey*, 66 Minn. 327, 61 Am. St. Rep. 419, 69 N. W. 31, 34 L. R. A. 384; *Great Northern Ry. Co. v. Johnson*, 254 Fed. 683, 166 C. C. A. 181.

Among those adopting the contrary view are: *Grigsby v. Reib*, 105 Tex. 597, 153 S. W. 1124, L. R. A. 1915E, 1, Ann. Cas. 1915C, 1011; *Randazzo v. Randazzo* (Mo. App.) 236 S. W. 1061. With the latter we can not agree.

At the close of the evidence of administratrix, petitioner moved for judgment upon the ground that no evidence sufficient to prove the marriage relation has been adduced before the court. Upon that motion final judgment was entered. The position of the administratrix is

that such motion was in the nature of a demurrer to the evidence. The position of the petitioner is that such motion submitted the cause to the court upon the evidence; that it was the duty of the Judge thereunder to weigh the evidence and that he did so.

That a motion such as here interposed is, in a jury case, equivalent to a demurrer to the evidence is too well established to require discussion or the citation of authority. The reason is self evident. The jurors being the sole triers of fact, plaintiff is entitled to go to them if he has any legal evidence. The court can not pass upon the weight thereof. But where the trial is to the court the Judge must eventually determine the facts, and if at the close of plaintiff's evidence his case has not been made out by a preponderance thereof, no reason exists for requiring the production of any evidence on behalf of defendant. "The day has gone by", said Thatcher C. J., in *Tripp v. Fiske,* 4 Colo. 24, (1877) "when courts will refuse to enter a judgment of nonsuit upon motion of defendant, when the plaintiff has failed to introduce sufficient evidence in a case tried by a jury to support a verdict for the plaintiff, and in a case tried to the court, to warrant a finding and judgment in favor of the plaintiff." And the day has not returned.

Where trial is had to the court which, after hearing the evidence of the plaintiff, concludes that an essential element of the case is not established, there is "no occasion to call for a defense through further evidence." *Wedge Mines Co. v. Denver Nat. Bank,* 19 Colo. App. 182, 190, 73 Pac. 873. The contrary position seems to have been taken by this court in two cases. *Ford v. Meeker,* 64 Colo. 201, 170 Pac. 955; *Love v. Cotten,* 65 Colo. 593, 179 Pac. 806.

A careful examination of these, however, discloses that the question was not argued in, and not essential to the disposition of either. In neither was the distinction between law and equity, the reason for the rule, nor the conflict in the authorities, called to the attention of, or con-

sidered by, this court. The only authority cited in the Ford case is 38 Cyc. 1551, which deals with jury cases. No authority is cited in the Love case. We are well aware of the fact that the cases in other jurisdictions are in conflict. Having stated the reason for our decision it seems unnecessary to examine these authorities further than to say that among those supporting our conclusion are: *Thorworth v. Scheets,* 269 Ill. 573, 576, 110 N. E. 42; *Hayward v. Jackman,* 96 Ia. 77, 64 N. W. 667; *Lambuth v. Stetson & Post Mill Co.,* 14 Wash. 187, 44 Pac. 148.

The court's "findings, judgment and decree" recites that "hearing having been had and testimony introduced," and the court "being sufficiently advised did find that the said Stella F. Peters was not, and is not the widow of said Albert H. Peters;" and on rehearing, "the court, having considered the law and the evidence," found as before. There being a conflict in the evidence, as above mentioned, and all presumptions being in favor of the judgment, it would ordinarily follow that we would interpret this as a finding of fact against the administratrix and affirm the judgment.

Such motions in equity cases are, however, considered bad practice. 21 C. J. 637 sec. 808; *Koebel v. Doyle,* 256 Ill. 610, 614, 100 N. E. 154.

Numerous reasons exist why this is true, one of which is well illustrated by the instant case. This we find is extremely difficult to satisfactorily review because of the inadequacy of the record. The precise ground of a motion for a non-suit should be pointed out. "The party should lay his finger on the point of his objection." "The attention of the court and of the opposite counsel should be particularly directed to the supposed defects in the plaintiff's case." *Quimby v. Boyd,* 8 Colo. 194, 197, 6 Pac. 462.

The motion before us was oral and general. It was to "enter an order revoking the letters," because "the showing made on her behalf is not sufficient." The briefs are largely devoted to the question as to whether "habit and

repute" are indispensable to a common law marriage. The trial court may have disposed of the motion either upon this question or upon the question of the sufficiency of the evidence. If the court found the evidence otherwise sufficient to support the marriage but, holding habit and repute essential thereto, found against the relationship because that element was wanting, the judgment was wrong. If the court, considering the absence of habit and repute as evidence against the marriage, found the whole evidence insufficient to support the relationship, the judgment was right. The grounds of the motion are not specified, the basis of the court's ruling does not appear, and the Judge who tried the cause is now out of office.

For the foregoing reasons the judgment is reversed and the cause remanded for a new trial.

Mr. Justice Sheafor not participating.