## No. 10,529.

### THIMGAN v. MATHEWS, ET AL.

Decided October 1, 1923.

Action to quiet title to real property. Judgment for defendants.

### *Reversed.*

1. MARRIAGE—*Common Law—Evidence.* Testimony of witnesses that a couple lived "as husband and wife" is not sufficient to establish a common law marriage, where it is evident that the expression was used as a euphemism for sexual relation, and where the supposed wife continued to use her own name.

2. *Common Law—Contract.* To support a so-called common law marriage, there must be proof of a contract of marriage.

3. JOINT TENANCY—*Evidence.* In an action to quiet title, offered evidence of a joint tenancy in the property, held erroneously excluded.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Mr. T. E. MUNSON, for plaintiff in error.

No appearance for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIMGAN brought suit against defendants in error to quiet title to land. He was defeated and brings error. He claimed as survivor in a joint tenancy with one Elgin Peer, and defendants claimed as said Elgin Peer's heirs. Thimgan also claimed part of the estate as heir of said Peer's mother— one Esther Pheba Albertie Young, who Thimgan claimed was his common law wife.

There is nothing in the claim of common law marriage. They lived as the witnesses say "as husband and wife" but it is evident that this expression is used as a euphemism for sexual relation, and not in the sense of claiming to be husband and wife, or being known to the community as such. This is shown by the pleadings and by the evidence, e. g., that the supposed wife never took the name of Thimgan, but continued to be known as Mrs. Young or Mrs. Peer. This is disproof rather than proof of marriage.

To support a so-called common law marriage there must be proof of a contract of marriage. Cohabitation with "the habit and repute of marriage" is sometimes sufficient to prove such a contract, but it must be with the habit and repute of *marriage,* not of illicit intercourse, criminal under the statute, which can never amount to marriage. *Cordas v. Ryan,* 72 Colo. 521, 212 Pac. 490; *Employers' Ins. Co. v. Morgulski,* 69 Colo. 223, 193 Pac. 725; *Peery v. Peery,* 27 Colo. App. 533, 150 Pac. 329; *Brewer v. Brewer's Est.,* 68 Colo. 84, 188 Pac. 725; *Peters v. Peters,* 73 Colo. 271, 215 Pac. 128. In the Brewer case there was direct proof of the oral contract. In the Peters case we held that the proof of habit and repute was not indispensable if the contract was otherwise proved. In *Peery v. Peery* there was evidence of an express contract which, notwithstanding long continued sexual relations and the birth of a child,

was held to be overcome by other evidence that there was no contract of marriage. *Cordas v. Ryan* was a stronger case of marriage than the present, yet we held the evidence insufficient.

But we think the evidence of a joint tenancy which was offered and rejected was competent and sufficient, if believed, to show such estate. Mrs. Young left a will by which she gave Thimgan $600.00 and the residue to her son Elgin Peer. Plaintiff offered to show that Elgin and he, after her death, had an oral agreement that the whole estate should belong to them both and to the survivor of them; that in consideration and in pursuance of this agreement Thimgan surrendered his $600.00 legacy; that they then entered into or continued in joint possession and control of the property, and Thimgan paid taxes thereon and put on substantial improvements all with Elgin's knowledge, consent, and approval. Here we have a contract, with consideration, fixing the rights of the parties, and part performance by both sides. We can see no escape from the conclusion that the evidence was erroneously rejected.

Reversed and remanded.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.