## No. 10,792.

## CONTER v. SMITH.

Decided January 7, 1924.

Application for letters of administration. Application denied.

### Affirmed.

### On Application for Supersedeas.

1. MARRIAGE—*Common-Law.* Facts disclosed by the evidence held insufficient to show a common-law marriage.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for plaintiff in error.

Mr. EDWARD V. DUNKLEE, Mr. EVERETT E. TROUT, Mr. F. F. HUNTER, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

ON August 21, 1922, John Conter, hereinafter designated as plaintiff, claiming to have been the husband of Caroline Conter at the time of her death, which occurred August 16, 1922, applied for letters of administration, upon her estate. On August 23, 1922, Amelia C. Bruckner, by her next friend and mother, Amelia Bruckner Smith, herein designated as defendant, filed her petition, setting forth that she, as the niece of said deceased, was her sole heir at law, and prayed that letters of administration be issued to W. E. Daly, as administrator of the estate. The matter was heard in the county court of Adams county where the petition of John Conter was denied, and the petition of

Amelia C. Bruckner was granted. Thereupon the case was appealed to the district court, where a like order was entered, and the plaintiff prosecutes this writ of error, and asks for a supersedeas.

The substantial, and principal, error assigned is, that the court erred in finding that John Conter was not the husband of the deceased at the time of her death, and that the finding was manifestly against the weight of the evidence.

It appears from the record that John and Caroline Conter were legally married some 12 or 15 years prior to her death, and lived at Rose Hill, a small farm near Brighton. until they were divorced April 5, 1919, in Adams county; that from April 5, 1919, to September 20, 1920, Caroline Conter continued to live at the Rose Hill farm, while John Conter lived in Denver; that on September 20, 1920, John Conter returned to Caroline and remained there on the place with her until her death. The plaintiff concedes that after John Conter's return to Caroline, no ceremonial marriage occurred between them. He relies on a common law marriage which he claims was established by the presumption arising from habit and repute.

A résumé of the evidence is set out in plaintiff's brief, and as it is not questioned by defendant, we shall assume that the testimony is there correctly set forth as the evidence given upon the trial.

The evidence, to establish the common law marriage relation, is insufficient and does not come within the rule announced in the former decisions of this court. *Cordas v. Ryan,* 72 Colo. 521, 212 Pac. 490; *Employers Ins. Co. v. Morgulski,* 69 Colo. 223, 193 Pac. 725; *Brewer v. Brewer's Est.,* 68 Colo. 84, 188 Pac. 725; *Peters v. Peters,* 73 Colo. 271, 215 Pac. 128. Also *Peery v. Peery,* 27 Colo. App. 533, 150 Pac. 329.

In the case of *Thimgan v. Mathews,* 74 Colo. 93, 219 Pac. 211, Mr. Justice Denison, said: "To support a so-called common-law marriage there must be proof of a contract of marriage. Cohabitation with 'the habit and repute of marriage' is sometimes sufficient to prove such a

contract, but it must be with the habit and repute of marriage, not of illicit intercourse, criminal under the statute,. which can never amount to marriage."

In the instant case there is no evidence of an express contract of marriage, and none can be implied from the evidence.

The entire evidence considered, we find there was ample to sustain the findings and judgment of the court.

Supersedeas denied, and judgment affirmed.

Mr. Chief Justice Teller and Mr. Justice Campbell concur.