No. 10,733.

In re ESTATE OF DANIKAS.

RYAN v. CORDAS.

Decided November 10, 1924.

Will contest.   Judgment for proponent.

*Affirmed.*

1. MARRIAGE—*Common-law.* There can be no common-law marriage where the agreement is that the marriage contract shall be by ceremony.

2. *Evidence—Letter.* In an action involving common-law marriage, a letter by claimant to her mother announcing the marriage, held incompetent as evidence on her behalf.

3. *Contract.* A contract per verba de futuro com copula does not compel a presumption of marriage, when the agreement is that the marriage shall be by future ceremony. The copula is then illicit and cannot be the basis of a common-law marriage.

4. *Common-law—Reputation.* When marriage is disproved by claimant's own evidence, reputation cannot avail.

5. *Common-law—Reputation—Agreement.* Reputation alone is not sufficient to establish a common-law marriage, and an agree-

ment that the marriage should be by future ceremony refutes the possibility of a marriage agreement in praesenti, which is in all cases essential to a common-law marriage.

6.   APPEAL AND ERROR—*Rejected Evidence.* The appellate court will not reverse a case for the rejection of evidence which would not alter the result, even if relevant, material and competent.

*Error to the District Court of the City and County of Denver, Hon. A. F. Hollenbeck, Judge.*

Mr. JOHN T. MALEY, Mr. WILLARD W. WALLACE, for plaintiff in error.

Mr. WILLIAM H. DICKSON, Mr. L. J. STARK, Messrs. ROTHGERBER & APPEL, Mr. N. C. CALOGERAS, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error contested the will of one Danicks or Danikas, whose widow by a so-called common-law marriage she claimed to be. Defeated in the Denver county court she appealed to the district court and was successful. The judgment of the district court was reversed by this court on the ground of insufficient evidence to prove the marriage. *Cordas v. Ryan,* 72 Colo. 521, 212 Pac. 490, which should be read herewith. The case has now been retried before another judge, the judgment is against her and she brings it here on error. Her principal claim is that the evidence compels a judgment in her favor.

By stipulation the evidence in the first trial was used in the second with the addition of the depositions of Alice V. Cronin, a sister of the contestant, and Mary Ryan, her mother. These additions make contestant's case worse rather than better because they show that she and Danicks agreed to go to French Lick and there have a ceremony performed. True, the witness Cronin varied this tale considerably, but we must assume that the court believed it as above stated. The decisions are that there can be no com-

mon-law marriage where the agreement is that the marriage contract shall be by ceremony, and reason supports them. *Cartwright v. McGown,* 121 Ill. 388, 12 N. E. 737, 2 Am. St. Rep. 105.

A letter from the plaintiff in error to her mother, Mary Ryan, purporting to have been written on the train going to French Lick, announces the marriage, but it is not competent, on her behalf, to prove the marriage (*Drawdy v. Hesters,* 130 Ga. 161, 60 S. E. 451, 15 L. R. A. [N. S.] 190; *Cent. Trust Co. v. Culver,* 35 Colo. 93, 96, 83 Pac. 1064), and so far as competent, is inconclusive. At the most it is competent as part of the res gestae, showing the conduct of herself and Danicks characterizing their relations and as tending to show her intent. However, Alice Cronin's evidence proves there was no marriage and so her belief and conduct are immaterial, and, since the only reason claimed for foregoing a ceremony was concealment, the announcement somewhat discredits that reason. Since we reversed a decision in her favor when she made a stronger case, we, of course, cannot, upon the evidence, reverse a decision against her upon a weaker one.

In the Morgulski Case, 69 Colo. 223, 193 Pac. 725, a future ceremony was indeed contemplated upon the consent of the wife's father; the marriage contract was in the present. We cannot go farther than that. *Cartwright v. McGown, supra.* If it be claimed that Cronin's testimony can be construed to state a contract like the Morgulski's the answer is that the court has found otherwise.

The Counsel for plaintiff in error contends that a contract per verba de futuro cum copula amounts to marriage and that the evidence of such a marriage in the present case is complete and undisputed. The contention is unsound, because: (1) The copula is in dispute and the finding is for proponent. There was evidence that Danicks was too ill. (2) A contract per verba de futuro cum copula does not compel a presumption of marriage when the agreement is that the marriage shall be by a future ceremony. *Cheney v. Arnold,* 15 N. Y. 345, 69 Am. Dec.

609; *Duncan v. Duncan,* 10 Ohio St. 181; *Peck v. Peck,* 12 R. I. 485, 34 Am. Rep. 702. The copula is then illicit and cannot be the basis of a common-law marriage. *Cartwright v. McGown, supra.*

3. Such a contract never amounts, ipso facto, to marriage. We are not willing to assent to the proposition that verba de futuro cum copula amounts to marriage or ever can do so. The most that can be claimed from such facts is that when the promise of future marriage is definitely proved the proof of subsequent copula will be presumed to be with words of marriage in praesenti, if there is no evidence to the contrary. *Cartwright v. McGown, supra; Cheney v. Arnold, supra; Duncan v. Duncan, supra.* This is no more than saying that it is evidence tending to show a contract in present words.

Contestant offered to show by the witness Cronin that the reputation of Danicks and contestant in Denver during their absence and until his death was that they were man and wife, but the court rejected the offer because the reputation offered was not in the community in which they lived since they were not in Denver together while married. This rejection was right. Whether reputation of marriage need not be of the neighborhood, as Mr. Wigmore thinks, Wig. Ev. § 1603, we need not decide, but when the marriage is disproved by the claimant's own evidence, reputation cannot avail. *Cartwright v. McGown, supra.* Illicit cohabitation will not support reputation as proof of marriage; reputation alone is not enough, and the agreement that the marriage should be by a future ceremony refutes the possibility of a marriage agreement in praesenti, which is in all cases essential to a so-called common-law marriage.

As we held in *Peters v. Peters,* 73 Colo. 271, 277, 215 Pac. 128, contestant might prove marriage by showing an express contract or by showing cohabitation and habit and repute, but, the plaintiff in error admitting there was no ceremony, introduces evidence that a ceremony was intended and agreed to, thus disproving marriage by any

method other than ceremony, and then offers evidence of reputation. We cannot reverse a case for the rejection of evidence which could not alter the result even if relevant, material and competent.

The judgment was right and is affirmed.

MR. CHIEF JUSTICE TELLER not participating.

MR. JUSTICE ALLEN dissents.