In re the MARRIAGE OF Edward A. MOLLOY, Appellant,

and

Erika Molloy, Appellee.

No. 80CA0671.

Colorado Court of Appeals, Div. III.

Oct. 22, 1981.

Barash, LeHouillier & Walsh, Patric J. LeHouillier, Colorado Springs, for appellant.

Kruse & Lynch, P.C., Franklin E. Lynch, Colorado Springs, for appellee.

KELLY, Judge.

Edward A. Molloy, husband, appeals an award of accrued maintenance to his former wife, Erika Molloy, under a decree of dissolution which permitted termination of maintenance payments upon "the Wife's death, remarriage, or cohabitation by the Wife with a third party male." Husband claims maintenance should have been terminated when wife purchased a house in co-tenancy with a man, and they began living there on separate floors, even though they did not share a sexual relationship. The trial court held that such an arrangement does not constitute cohabitation, and awarded accrued maintenance to wife. We affirm.

The above quoted provision for termination of maintenance was contained in a separation agreement of the parties that was incorporated into the decree of dissolution. Before the decree was final, the wife's career required a transfer to Washington, D.C. She purchased a house there in joint tenancy with a man who had been a co-worker of hers in Colorado. The wife paid the entire down payment, the man obtained financing through a VA loan, and each of them pays one-half of the mortgage payment each month. Wife testified that this form of ownership was necessary because of the high cost of real estate in that area and her inability to obtain financing. Wife occupied the upper portion of the dwelling, the man lived in the lower portion, and they shared the kitchen facilities but did not eat together. The trial court found that there was no physical or emotional relationship between them.

Husband does not contend that wife and the co-tenant were involved in a meretricious relationship, but that wife's arrangement with the man constituted cohabitation under the definition of that term intended by the parties. He claims that when he entered into the agreement, he presumed that if the wife were residing with a third party male, she would be receiving some economic benefit by virtue of that arrangement.

The trial court concluded, and we agree, that the word "cohabit" has a commonly accepted meaning which contemplates dwelling together as wife and husband. *See Black's Law Dictionary* 326 (4th ed. 1968); *Webster's Third New International Dictionary* 440 (Merriam 1976). While we find no Colorado authority which addresses this problem, and none has been cited to us, some states have statutes which define cohabitation in the context of termination of maintenance payments. In New York, alimony is terminated upon proof that the recipient is "habitually living with another man and holding herself out as his wife...." N.Y.Dom.Rel.Law § 248 (McKinney 1964). In the analogous Georgia statute, the word cohabitation is defined as "dwelling together continually and openly in a meretricious relationship with a person of the opposite sex." Ga.Code Ann. § 30–220(b) (Supp.1979). In Oklahoma, cohabitation means "the dwelling together continuously and habitually of a man and a woman who are in a private conjugal relationship ... not necessarily meeting all the standards of a common law marriage." Okla. Stat.Tit. 12, § 1289 (Supp.1979). *See* Note, *The Effect of Third Party Cohabitation on Alimony Payments*, 15 Tulsa L.J., 772 (1980).

California has created a rebuttable presumption of decreased need for support if the supported party is cohabiting with a person of the opposite sex. Cal.Civ. Code § 4801.5(a) (West Supp.1981). In interpreting this statute, a California court ruled that a boarding house arrangement did not constitute cohabitation and held that the term "cohabiting" has particular legal significance that carries more meaning than two persons of the opposite sex living under the same roof. *In re Marriage of Thweatt*, 96 Cal.App.3d 530, 157 Cal.Rptr. 826 (1979).

Here, as in *Thweatt*, there was no evidence of a sexual relationship, a romantic involvement, or even a homemaker-companion relationship. The wife and her co-tenant do not hold themselves out as wife and husband or share the same rooms, as the parties did in *Brewer v. Brewer's Estate*, 68 Colo. 84, 188 P. 725 (1920). There is no evidence that wife's co-tenant "supports" her financially. Therefore, there was no evidence that wife was "cohabiting" with a third party male, and the trial court's award of accrued maintenance was proper.

The order is affirmed.

PIERCE and SMITH, JJ., concur.